UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALINA CAMPOS-EIBECK,<br><br>Plaintiff,<br><br>v.<br><br>C R BARD INCORPORATED AND BARD PERIPHERAL VASCULAR INCORPORATED,<br><br>Defendants. | Case No.: 19cv2026-W(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FOR AN ORDER ALLOWING PLAINTIFF TO SERVE ADDITIONAL GENERAL DISCOVERY ON DEFENDANTS**<br><br>**[ECF No. 21]** |

Currently before the Court is Plaintiff's January 14, 2020 motion to compel [ECF No. 21 "MTC"], Defendant's January 21, 2020 opposition to the motion [ECF No. 25 ("Oppo.")], and Plaintiff's January 28, 2020 reply [ECF No. 26 ("Reply")]. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

This matter was originally part of a multidistrict litigation proceeding ("MDL") in the District of Arizona and was transferred to this Court on October 22, 2019. See ECF No. 4. The MDL involved personal injury cases alleging that defects in various models of Defendants' inferior vena cava ("IVC") filters caused serious harm or death. ECF No. 3. The MDL closed on May 31, 2019 after more than 8,000 cases had been filed. Id. at 1. Thousands of the cases settled and more than 500 were transferred to the appropriate district. Id. Throughout the life of the MDL, the court issued at least forty-five Case Management Orders some of which governed discovery.

1

Id. at 5-6. In the Suggestion of Remand and Transfer Order issued by Judge David G. Campbell, the court noted that

> [b]ecause all general fact and expert discovery has been completed in this MDL, the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third-party discovery. This observation is not meant to restrict the power of receiving courts for good cause or in the interest of justice to address issues that may be unique and relevant a [sic] in remanded or transferred case.

Id. at 30.

On November 22, 2019, the Court held a telephonic Case Management Conference ("CMC"). ECF No. 15. Mr. Paul Stoller appeared on behalf of Plaintiff and Mr. Tyler Andrews appeared on behalf of Defendants. Id. In preparation for the Conference, the parties filed a Joint Status Report. ECF No. 13. In the Joint Status Report, the parties raised several issues regarding discovery. Id. On December 2, 2019, the Court issued an Order Following Telephonic, Attorneys-Only Case Management Conference requiring the parties to meet and confer regarding their discovery dispute. ECF No. 16. On January 7, 2020, counsel for Plaintiff, Mr. Gregory Rueb, and counsel for Defendants, Mr. Syed Ishrak, contacted Judge Major's law clerk and explained that they were unable to resolve the issue. ECF No. 20. In light of counsel's representations, the Court issued a briefing schedule. Id. The parties timely filed their motion, opposition, and reply. See MTC, Oppo., and Reply.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2)(C) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

## DISCUSSION

Plaintiff seeks an order from the Court permitting her to conduct additional limited general discovery regarding literature and medical studies that were published after the MDL closed. MTC at 4. Specifically, Plaintiff seeks to serve the following Requests for Production ("RFPs") on Defendants

> All documents that evince, relate, or refer to any review or analysis conducted by anyone at Bard or anyone acting on its behalf of any medical studies or literature relating to IVC filters that were published or otherwise came to Bard's attention after February 3, 2017.
>
> [] All documents that evince, relate, or refer to any communications, internally or externally, by anyone at Bard or anyone acting on its behalf regarding any medical

studies or literature relating to IVC filters that were published or otherwise came to Bard's attention after February 3, 2017.

[] All documents that evince, relate, or refer to any actions taken by Bard or anyone acting its behalf in response to any medical studies or literature relating to IVC filters that were published or otherwise came to Bard's attention after February 3, 2017.

MTC at Exh. A. Plaintiff explains that depending upon the responses received, she may want to depose key defense witnesses who were "involved in Bard's review and analysis of, communications about, and responses to post-February 2017 medical studies relating to IVC filters." Id. at 4. This would likely require two or three depositions. Id. Plaintiff argues that the additional discovery is warranted because it is relevant to allegations regarding design defect, failure to warn, and punitive damages. Id. at 5-6. Plaintiff notes that the requested discovery is narrow, required under Defendants' duty to supplement its responses to discovery served in the MDL, and not prohibited by Judge Campbell's MDL order. Id. at 9.

Defendants contend that Plaintiff has failed to establish good cause to reopen discovery and notes that Plaintiff could have raised this issue prior to the October 2019 remand order or before the MDL bellwether trials, but chose not to do so. Oppo. at 6. Defendants also contend that the transfer order is clear that general discovery has closed and the District Court should only be concerned with case specific discovery as evidenced by Judge Campbell's interpretation of the transfer order and the "overwhelming majority of District Courts" that have considered the issue and declined to re-open general discovery. Id. at 8-9. Finally, Defendants contend that (1) Plaintiff's request is contrary to the Law of the Case Doctrine, (2) re-opening general discovery defeats the purpose of the MDL, (3) Plaintiff's request is not proportional to the needs of the case, (4) Plaintiff has failed to make the requisite showing to compel supplemental responses under Fed. R. Civ. P. 26(e), and (5) Defendants' knowledge and response to new studies about the efficacy and safety of IVC filters is neither unique nor relevant to Plaintiff's claims. Id. at 10-18.

Plaintiff replies that (1) her request is narrowly tailored, (2) Judge Campbell's remand order permits additional general discovery with good cause, (3) two other District Courts in

Missouri have recently agreed with Plaintiff's position and ordered additional general discovery, and (4) the evidence she seeks is very relevant to her design defect claims, the risk benefit analysis performed by Defendants, and the impeachment of Defendants regarding the efficacy of the IVC filters.

### A. Judge Campbell's Remand Order

While the Court agrees that Judge Campbell's remand order does not restrict the Court's ability to permit additional general discovery for good cause, the Court finds Judge Campbell's conclusion that "general fact and expert discovery [was] completed in the MDL" and that the Court "need not be concerned with facilitating general expert, corporate, and third-party discovery" to be persuasive and further finds that Plaintiff has not demonstrated good cause for disregarding those conclusions. The Court notes that due to the nature of scientific studies and research, general discovery of the type Plaintiff seeks could be never-ending as the potential for new studies and research always remains. In sum, Judge Campbell's order supports a ruling denying Plaintiff's motion.

### B. Plaintiff has not Demonstrated Good Cause for Reopening Discovery

Typically when a party seeks to reopen discovery or to modify a scheduling order, the party must provide good cause for the relief. The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). There are several factors a court may consider in deciding whether to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017). "Whether to reopen discovery rests in the court's sound discretion." Bleek v. Supervalu, Inc., 95 F. Supp. 2d 1118, 1120 (D. Mont. 2000) (citing U.S. ex rel. Schumer, 63 F.3d at 1526).

While the instant matter is unusual because the period for all discovery has not expired [see ECF No. 17], the period for general discovery has expired and the Court finds the standard for reopening discovery to be relevant and useful to the Court's analysis of Plaintiff's motion. Here, Plaintiff has not demonstrated good cause for reopening general discovery. General discovery in the MDL closed on February 3, 2017. MTC at 3. Plaintiff, whose counsel was part of the Plaintiff's Steering Committee during the MDL, seeks general discovery related to scientific articles and studies addressing the efficacy of IVC filters published after February 2017. Id.; see also Oppo. at 6 n.1. The most recent of these articles was published in July 2019. MTC at 3. The instant matter was not remanded to this Court until October 2019. ECF No. 3. Prior to transfer there were two bellwether trials in the MDL in 2018 and 2019. Oppo. at 6. It appears that despite the fact that most if not all of the articles Plaintiff now seeks were published before this case was remanded, Plaintiff never requested that discovery be reopened in the MDL. Plaintiff does not address this failure except to say

> The situation Plaintiff raises here—discovery relating to narrow, relevant evidence that did not exist prior to the close of MDL general fact discovery and could not have been discovered in the MDL as a result—provides good cause to permit this limited discovery

Reply at 2. It is unclear to the Court why Plaintiff could not have motioned to reopen discovery in the MDL but can do so now, and Plaintiff does not provide any argument, law, or explanation for this position. What is clear, is that waiting anywhere from six months to three years to seek the reopening of discovery does not demonstrate that Plaintiff "diligently pursued its previous discovery opportunities." Lexington Ins. Co. v. Scott Homes Multifamily, Inc., 2015 WL 751204, at *5 (D. Ariz. Feb. 23, 2015) (finding that plaintiff was not diligent in pursuing discovery where it learned of additional evidence after the close of discovery but did not motion to reopen discovery until four months after the close of discovery). Additionally, most of the factors do not support reopening discovery because the request is opposed, Defendant would be prejudiced if general discovery is reopened, and Plaintiff was not diligent in seeking the additional discovery after learning of its existence. With regard to factor six, Plaintiff has not

established that the 2017-2019 studies and Defendants' knowledge of and response to them are relevant to Plaintiff's claims, are not duplicative or cumulative of earlier studies, and cannot be included via expert reports. As such, this factor is neutral. The only clear factor in favor of reopening discovery is that trial is not imminent. ECF No. 17 at 7 (Pretrial conference scheduled for February 22, 2021 at which time the trial date will be set). Accordingly, the Court finds that Plaintiff has not established good cause to reopen general discovery.

### C. **Defendants' Duty to Supplement Its Responses**

Plaintiff argues that Defendants have a duty under Fed. R. Civ. P. 26(e) to supplement their discovery responses. MTC at 7; see also Reply at 4. Plaintiff argues that as part of its production of documents during general discovery in the MDL, Defendants produced internal communications analyzing medical literature about the safety of the IVC filters, but have failed to provide any similar additional information since February 2017. MTC at 3. Plaintiff notes that her expert reports were based on the medical literature at the time and on the general discovery that took place during the MDL. Id. Because new articles and studies have been published since the close of general discovery in the MDL, Defendants should be required to supplement their production with the reviews, analyses, and internal communications regarding those new studies. Id. at 3-4. Plaintiff does not provide any law or citations in support of her position. MTC.

Defendants contend that "supplementation is only required if the new information renders the prior responses materially 'incomplete or incorrect'" which is not the case here and is not something Plaintiff has shown. Oppo. at 13. Defendants further contend that Plaintiff is attempting to use the supplementation requirement "as a device to end run discovery cut-offs and create an endless, costly and disproportional discovery burden on Defendants." Id. Defendants note that supplementation of this type will "indefinitely postpone trial as every newly published study of even the most marginal relevance will necessitate a new round of discovery into [Defendant's] knowledge and analysis of that study" which is not "practical, proportional, or fair." Id. at 14. In support of their position, Defendants cite to Dong AH Tire & Rubber Co. v. Glasforms, Inc., 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008). The Court in Dong

7

reasoned

> The duty to supplement under Rule 26(e)(1) is directed to documents generated during the relevant time frame previously not produced but subsequently discovered. To say that the duty to supplement covers documents generated after that date would render meaningless any delineated time period for production. Consequently, despite defendants' reference to Rule 26(e)(1), nothing in that rule imposes a never ending obligation to produce documents continuously as they are created, ...."

Id. at *2.

Plaintiff replies that "Defendants have a duty under Federal Rule of Civil Procedure 26(e) to supplement their discovery responses" but does not address Defendant's argument or cited cases.  Reply.

Fed. R. Civ. P. 26(e) states that

> (1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > (B) as ordered by the court.
>
> (2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

"[T]o to trigger the duty to supplement, a party's initial disclosures must, in some respect, be incomplete or incorrect."  Seidman v. American Family Mutual Insurance Company, 2016 WL

8

9735768, at *2 (D. Colo., May 26, 2016). Here, there is no evidence that Defendants' prior disclosures or productions were incomplete or incorrect. Defendants produced general discovery that included its "internal communications and analysis of medical literature regarding the safety and efficacy of [Defendants'] own filters." MTC at 3. That discovery was based on Defendants' understanding of the information and studies Defendants had available to them at the relevant time. Subsequent studies do not render Defendants' analyses incorrect or incomplete as the analyses were dictated by the studies available at the time the analyses were made. While Defendants must of course abide by the requirements of Fed. R. Civ. P. 26(e) throughout this case, Plaintiff has not established that Defendants have any duty to supplement in this instance. Furthermore, as the cases cited by Defendants note, Fed. R. Civ. P. 26(e) is not intended to create never ending discovery obligations or continuous rolling discovery. Oppo. at 13 (citing Our Children's Earth v. Leland Stanford Jr. Univ., 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015) (noting that "the duty to supplement under Rule 26(e) does not automatically supersede the fact discovery cutoff as to developments thereafter that relate to prior requests for discovery made before the cutoff" and that "endless rolling production would undermine" the just, speedy, and inexpensive determination of cases and the need of proportionate discovery) and Kuhns v. City of Allentown, 2010 WL 4236873, at *3 (E.D. Pa. Oct. 26, 2010) (noting that to allow supplementation "would be to invite rolling discovery in a way that would unfairly burden [Defendant] and indefinitely postpone trial")). Accordingly, Plaintiff's motion to compel the discovery under this theory is **DENIED**.

## **CONCLUSION**

In light of Judge Campbell's order and Plaintiff's failure to demonstrate good cause for reopening general fact discovery, Plaintiff's motion is **DENIED**. However, the Court recognizes that the medical literature and studies published after 2017 may be relevant to expert opinions in this case. As a result, the Court agrees with the reasoning of other courts that have resolved this issue by allowing limited additional expert discovery. See Oppo. at Exh. 3 (Caldera v. C.R. Bard Incorporated, et al., Case No. CV19-4266-PHX (DGC) Case Management Order Dated January 10, 2020) and Exh. 8. (Chessman v. C.R. Bard Incorporated, et al., Case No.

19CV04014-AT, Wiley v. C.R. Bard Incorporated, et al., Case No. 19CV04766-AT, Scholten v. C.R. Bard Incorporated, et al., 19CV04756-AT, and Wondimagegnehu v. C.R. Bard Incorporated, et al., 19CV04754-AT, Scheduling Order Dated December 20, 2019).  Accordingly, while the Court **DENIES** Plaintiff's request to reopen general discovery, the parties are permitted to supplement their expert reports with information obtained from medical literature published after February 3, 2017 and before June 26, 2020 and each party may take a supplemental expert deposition of any expert who is going to testify about subsequent studies. This authorization does not constitute a ruling on the admissibility of this evidence at trial.

**IT IS SO ORDERED**.

Dated:  2/20/2020

Hon. Barbara L. Major
United States Magistrate Judge

10

19cv2026-W(BLM)